1  PHILLP A. TALBERT
United States Attorney
2  KIMBERLY A. SANCHEZ
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8                 IN THE UNITED STATES DISTRICT COURT
9
                 EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,            CASE NO.  1:18-CR-00270-DAD-BAM
                                                   1:19-CR-00244-DAD-BAM
12              Plaintiff,
                                         STIPULATION CONTINUING STATUS
13        v.                             CONFERENCE AND REGARDING
                                         EXCLUDABLE TIME PERIODS UNDER SPEEDY
14  BRYAN BARTUCCI,                      TRIAL ACT; FINDINGS AND ORDER
15              Defendant.               COURT: Hon. Barbara A. McAuliffe
16

17        This case is set for a status conference on February 23, 2022.  On May 13, 2020, this Court

18  issued General Order 618, which suspends all jury trials in the Eastern District of California "until

19  further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

20  matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

21  issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

22  discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

23  by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

24  request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

25  will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

26  previous General Orders were entered to address public health concerns related to COVID-19.

27        Although the General Orders address the district-wide health concern, the Supreme Court has

28  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3  **STIPULATION**

4        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6        1.      By previous order, this matter was set for status conference on February 23, 2022.

7        2.      By this stipulation, defendant now moves to continue the status conference to May 11,

8  2022 at 1:00 p.m., and to exclude time between February 23, 2022, and May 11, 2022, under Local

9  Code T4.

10       3.      The parties agree and stipulate, and request that the Court find the following:

11       a)      The government has represented that the discovery associated with this case

12 includes investigative reports, video and photographs.  All of this discovery has been either

13 produced directly to counsel and/or made available for inspection and copying.  Additionally, the

14 parties have engaged in plea negotiations and the government has provided a plea agreement.

15       b)      Counsel for defendant desires additional time to review discovery, conduct

16 investigation, and finalize plea negotiations.

17       c)      Counsel for defendant was only appointed on both of these matters on January 12,

18 2022.

19       d)      On February 7, 2022, the Court issued a minute order indicating that the parties

20 should be prepared to set trial date if they do not resolve the case before the next status

21 conference (following the status conference set for February 23, 2022).  Given counsel for

22 defendant's recent appointment, additional time to familiarize himself with the case, review

23 discovery and the plea offer is requested.

24       e)      Counsel for defendant believes that failure to grant the above-requested

25 continuance would deny him/her the reasonable time necessary for effective preparation, taking

26 into account the exercise of due diligence.

27       f)      The government does not object to the continuance.

28       g)      Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 23, 2022 to May 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  February 16, 2022                          PHILLIP A. TALBERT
                                                   United States Attorney


                                                   /s/ KIMBERLY A. SANCHEZ
                                                   KIMBERLY A. SANCHEZ
                                                   Assistant United States Attorney


Dated:  February 16, 2022                          /s/ REED GRANTHAM
                                                   REED GRANTHAM
                                                   Counsel for Defendant
                                                   BRYAN BARTUCCI

**<u>ORDER</u>**

       IT IS SO ORDERED that the status conference is continued from February 23, 2022, to **May 11, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).  Because new counsel has been added recently for defendant, the Court will not now require a trial date to be set.

IT IS SO ORDERED.

   Dated:   __February 17, 2022__      ____/s/ *Barbara A. McAuliffe*____

                                 UNITED STATES MAGISTRATE JUDGE